**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 2, 2025

Ms. Ellie Riegel
Oregon Federal Public Defender
101 SW Main Street Suite 1700
Portland, OR 97204

      Re:   *United States v. Riley Freeman*
            Case Number: 3:25-cr-389-IM
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive indictment and plead guilty to an information alleging three counts of simple assault on a federal officer in violation of Title 18, United States Code, Section 111(a)(1), a Class A misdemeanor.

3.    **Penalties**: The maximum sentence is not more than one year imprisonment, a fine of $100,000, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the information, the government must prove the following elements beyond a reasonable doubt:

Ms. Ellie Riegel
Re: Riley Freeman Plea Agreement Letter
Page 2
October 8, 2025

First, the defendant forcibly assaulted a federal officer; and

Second, the defendant did so while the federal officer was engaged in or on account of the federal officer's official duties;

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

Defendant admits the elements of the offense alleged in Counts 1, 2, and 3 of the information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

On the night of July 4, 2025, a crowd had gathered in the driveway of the Immigration and Customs Enforcement (ICE) building in Portland, Oregon. Federal officers made announcements directing protesters to clear the driveway. While the crowd remained in the driveway, vehicles were unable to depart the building. After several announcements that the premises were closed and that those found on the property would be subject to arrest, members of the crowd failed to comply with the warnings and directions to move from the driveway.

At approximately 11:16 p.m. federal officers deployed from the ICE Building to clear the trespassing protesters. While officers were moving to clear the driveway, defendant was seen by officers throwing an item in front of three advancing officers, Victim Officers One, Two and Three. The device landed in front of the officers and exploded into a ball of fire and continued to emit smoke and flames. Fearing for their safety and to avoid the smoke and flames the officer broke their formation and were distracted from the crowd and their mission. One of the other officers present saw defendant throw the device and maintained visual contact on defendant as defendant merged back into the crowd of protesters. Defendant was wearing a distinctive backpack, shoes and clothing that allowed the witness officer to call out his description to other officers who followed defendant and arrested him.

Law enforcement authorities seized the remnants of the device defendant had thrown. It appeared to be a commercially available smoke bomb. Investigators reviewed security video from the event and saw defendant throwing two devices that night. The first one landed to the

Ms. Ellie Riegel
Re: Riley Freeman Plea Agreement Letter
Page 3
October 2, 2025

side of the driveway and emitted smoke that partially obscured the crowd. The second one defendant threw was the device that landed in front of three officers and exploded. Investigators shared the dramatic security recording of explosion with the device manufacturer. An employee with the manufacturer opined that the second device did not perform as designed. The manufacturer's warnings on the device indicate that the device is not to be used within six feet of people.

6.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A2.4, is a base offense level of 10.

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant fully accepts responsibility, the government agrees to recommend a two-level reduction pursuant to USSG § 3E1.1 The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, violates the terms of pretrial release by entering the exclusion zone surrounding the Portland Immigration and Customs Enforcement building, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.     **Sentencing Recommendation**: The government agrees to recommend a sentence of 60 days imprisonment, 1 year of supervised release (probation if no jail is imposed), 15 hours of community service, and $75 special assessment ($25 per count). During the term of supervised release (or probation if imposed), the parties agree that defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area. Defendant may argue for any lawful sentence within the calculated guideline range.

10.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the

Ms. Ellie Riegel
Re: Riley Freeman Plea Agreement Letter
Page 4
October 2, 2025

provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer (if ordered), and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Ms. Ellie Riegel
Re: Riley Freeman Plea Agreement Letter
Page 5
October 2, 2025

15. **Deadline**: This plea offer expires if not accepted in writing by October 8, 2025

Sincerely,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY
Assistant United States Attorney

### *United States of America v. Riley Freeman*
### 3:25-cr-00389-IM
### Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/24/25
Date

RILEY FREEMAN
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/24/25
Date

ELLIE RIEGEL
Attorney for Defendant